**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN KELLEY, an Individual, | ) | Case No.: 1:18-cv-5229 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWESTERN UNIVERSITY, ANDREW | ) | |
| WINTER, an Individual, and RYAN KAPPES, | ) | |
| an Individual, | ) | **Trial by Jury Demanded** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff through her attorney, Michael J. Merrick and Merrick Law Firm LLC, and for her Complaint against Defendants states as follows:

### Nature of the Action

1.     This is an employment discrimination and retaliation action.  Plaintiff Karen Kelley, an African-American woman 61 years of age, worked for Defendant Northwestern as an information technology specialist and manager at the Feinberg School of Medicine for 27 years during which time she received promotions from Northwestern.  In 2014 Northwestern demoted Ms. Kelly from her management position as part of a reorganization and inserted new managers all of whom were substantially younger white men.  When Ms. Kelley complained about race, sex and age discrimination to Northwestern and the EEOC, Defendants harassed Ms. Kelley and ultimately fired her in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Illinois Human Rights Act.

**Jurisdiction & Venue**

2.     Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §1981, and the Age Discrimination in Employment Act (ADEA), arise under federal law.  This Court has supplemental jurisdiction over Plaintiff's Illinois Human Rights Act (IHRA) claims under 28 U.S.C. §1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3) as Defendants have employees and do business in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Plaintiff would have remained employed in this judicial district but for the unlawful employment practices alleged herein.

**Parties**

4.     Plaintiff Karen Kelley is a citizen of the United States and at all relevant times was employed by Defendant Northwestern University and worked as an Information Technology (IT) specialist and manager at the Feinberg School of Medicine in Chicago, Illinois.

5.     Defendant Northwestern University (Northwestern) is a private university with several campuses in Evanston and Chicago, Illinois, including the Feinberg School of Medicine (Feinberg).

6.     Defendant Andrew Winter is an employee of Northwestern University and at all relevant times was Senior Director of the IT department at Feinberg and Defendant Ryan Kappes' immediate supervisor.

7.      Defendant Ryan Kappes is an employee of Northwestern University and at all relevant times was a Team Lead in the IT department at Feinberg and Ms. Kelley's most recent immediate supervisor.

## Common Allegations

8.      Ms. Kelley is an African-American woman and is 61 years of age.

9.      Ms. Kelley commenced employment with Northwestern in or about January 1990.

10.      Ms. Kelley spent most of her 27-year career with Northwestern working for the IT department at Feinberg.

11.      Northwestern promoted Ms. Kelley over the years eventually making her Manager of her department.

12.      Ms. Kelley's customers included the Dean's office and other V.I.P., top-level executives and physicians of Feinberg and members of their staffs.

13.      At all relevant times Ms. Kelley met and most often exceeded Northwestern's legitimate performance expectations receiving annual performance ratings of "Effective," "Highly Effective," and "Outstanding," and service awards for her contributions to the organization. Ms. Kelley's customers also frequently expressed their satisfaction with the IT services she provided.

14.      In 2014 the IT Department was comprised of mostly young, Caucasian male employees.

15.      In 2014 Ms. Kelley was the oldest, longest-tenured employee in the IT department.

16.      In or about September 2014, Northwestern reorganized the Feinberg IT department.

17.     After the reorganization, Feinberg IT management consisted of five Caucasian males in their late 30s or early 40s: Defendant Andrew Winter was Senior Director, Todd Nelson was a Director, and Matthew Newsted, David Marsh and Defendant Ryan Kappes were Team Leads.

18.     Northwestern changed Ms. Kelley's job title, took away her direct reports and other management responsibilities and gave her three days to move her office into the middle of a bullpen with 12 other IT employees.  Northwestern effectively demoted Ms. Kelley.

19.     Northwestern did not include Ms. Kelley in the reorganization decision-making process or give her the opportunity to apply for one of the management positions even though she was well-qualified and the longest tenured employee in the department.

20.     After the reorganization the new managers harassed Ms. Kelley, subjected her to rude and unprofessional conduct and made discriminatory comments to her such as calling her "old timer, " telling her "don't get your panties in a bunch," openly questioning whether she was capable of passing certain training and when she did pass telling her "I knew the old girl could do it," and warning her, "you don't know what's coming for you."

21.     In September 2014, Todd Nelson became Ms. Kelley's new direct supervisor and immediately began harassing her.

22.     In or about September 2014, Ms. Kelley lodged a complaint of race, sex and age discrimination with a Northwestern human resources representative.

23.     In or about September 2014, Ms. Kelley also filed a Charge of Discrimination against Northwestern with the EEOC asserting race, sex and age discrimination.

24.     Upon information and belief, Northwestern failed to conduct a proper investigation and did not take any corrective or preventative action in response to Ms. Kelley's complaints of discrimination.  Mr. Nelson continued to harass Ms. Kelley.

25.     In or about August 2015, the EEOC issued a Notice of Right to Sue on Ms. Kelley's Charge of Discrimination.  Ms. Kelley did not file a lawsuit at that time and continued working.

26.     In or about August 2015, Ms. Kelley went on a medical leave of absence due in part to the stress from the harassment she was experiencing from management.

27.     In or about January 2016, Ms. Kelley turned to work from her medical leave of absence and was subjected to increased scrutiny and harassment by management.

28.     While Ms. Kelley was out on medical leave Defendants lowered her pay.

29.     In or about February 2016, Matthew Newsted became Ms. Kelley's new direct supervisor.

30.     Mr. Newsted continued the harassment of Ms. Kelley including giving her menial work assignments such as cleaning out closets and moving computer equipment and closely monitoring her whereabouts.

31.     In or about January 2017, Defendant Ryan Kappes became Ms. Kelley's direct supervisor and continued the harassment of Ms. Kelley.

32.     Mr. Kappes required Ms. Kelley to meet with him every morning and explain her schedule and responsibilities for the day.  This micromanaging, which was done in front of other employees, was humiliating and embarrassing and something younger, Caucasian male employees were not subjected to.

33.     Ms. Kelley complained to Mr. Kappes that he was targeting and harassing her.

34.     On or about April 4, 2017, Mr. Kappes approached Ms. Kelley, with other employees present which humiliated her, and asked her to come with him to Mr. Winter's office "for a talk."  Defendants Winter and Kappes and a human resources representative then met with Ms. Kelley and presented her with a corrective action plan and accused her of being a security risk.  Ms. Kelley was blindsided.

35.     The corrective action plan included false accusations and Ms. Kelley refused to sign it.

36.     Defendant Winter told Ms. Kelley that she was responsible for inciting "negative behaviors" by other employees and causing them to be unhappy at Feinberg.

37.     Defendant Winter also accused Ms. Kelley of making "negative comments" during team and staff meetings.

38.     Ms. Kelley stated that she simply offers her honest insight during meetings based on 27 years of experience in the field and denied that she could be responsible for others' behaviors.

39.     Defendant Winter then offered an example of Ms. Kelley's alleged behavior during a certain meeting.  He revealed his perception of her by purporting to mimic her body movements and how she spoke.  He moved his neck in one direction and then snapped it back while stating, in what he apparently believed to be the dialect of an African-American woman, "Ummm hmmm….we will see."

40.     Ms. Kelley told Defendant Winter that she does not speak that way and that she refused to accept his "angry black woman moniker."  She also told him she found his statement highly offensive.  The human resources representative sat silent.

41. Defendants had failed to give Ms. Kelley any prior warnings of any performance deficiencies in violation of Northwestern's progressive discipline policy.

42. Ms. Kelley then met with the human resources representative and reiterated that the accusations against her in the corrective action plan were false.

43. Ms. Kelley told the human resources representative that the young, white male managers of the department were targeting her.

44. The human resources representative advised Ms. Kelley that she had the right to submit a rebuttal statement to the corrective action plan and suggested that she do so.

45. Ms. Kelley subsequently submitted a rebuttal statement to the corrective action plan.

46. On or about April 19, 2017, Mr. Winter confronted Ms. Kelley, in front of other employees which humiliated her, and asked her to come speak with him. Defendants Winter and Kappes and the human resources representative again met with Ms. Kelley and presented her with a revised corrective action plan but it still included the false accusations against her.

47. Mr. Kappes continued to harass Ms. Kelley including by frequently questioning her about her whereabouts and demanding that she account for her time throughout the day. Mr. Kappes frequently called Ms. Kelley to check on her while she was with customers and he also called her customers after she left to check on her. Subjecting Ms. Kelley to such micromanaging and making it known to her customers, many of whom she had successfully serviced for many years, humiliated and embarrassed Ms. Kelley.

48. On or about May 8, 2017, defendant Winter again confronted Ms. Kelley, in front of other employees which humiliated her, and asked her to come speak with him. He and a

human resources representative then met with Ms. Kelley. Defendant Winter told Ms. Kelley that she had "refused to accept responsibility for your actions" and therefore she was fired.

49. Defendants' stated reason for firing Ms. Kelley is false and a pretext to hide unlawful employment discrimination and retaliation.

50. Ms. Kelley timely filed a Charge of Discrimination with the EEOC which was cross-filed with the IDHR and properly exhausted her administrative remedies by filing this action within 90 days of receipt of the Notice of Right to Sue issued by the EEOC.

## HOSTILE WORK ENVIRONMENT/HARASSMENT COUNTS

### Count I

**42 U.S.C. §1981 Hostile Work Environment/Race Harassment Against All Defendants**

51. The harassment described herein by the managers of Feinberg's IT department was not welcomed by Ms. Kelley.

52. The harassment was motivated by the fact that Ms. Kelley is African-American.

53. The harassment was so severe or pervasive that a reasonable person in Ms. Kelley's position would find her work environment to be hostile or abusive.

54. Ms. Kelley found the harassment to be offensive and unwelcomed, and it made it so difficult to perform her job so as to alter the terms and conditions of her employment.

55. Ms. Kelley complained to Defendants about the harassing conduct, but they did not take action to make the harassing conduct stop. The hostile work environment culminated in the termination of Ms. Kelley's employment.

56. Defendants' conduct violated 42 U.S.C. §1981 and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

57.     As a result of Defendants' unlawful conduct, Ms. Kelley suffered humiliation, embarrassment, damage to her reputation, emotional distress, loss of income, and has been forced to retain an attorney.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Defendants and for the following relief on Count I:

A.      Defendants be adjudicated and declared to have violated Section 1981;

B.      An injunction enjoining any further violations of Section 1981 by Defendants;

C.      Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.      Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.      Ms. Kelley be awarded punitive damages in an appropriate amount and as allowed by law;

F.      Ms. Kelley be awarded pre-judgment interest on the above damages;

G.      Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

H.      The Court grant such other and further relief as it deems just.

## Count II

### Title VII Hostile Work Environment/Race & Sex Harassment Against Northwestern

58.     Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth in this Count II.

59.     The harassment was motivated by the fact that Ms. Kelley is a woman.

60. Northwestern's conduct violated Title VII of the Civil Rights Act of 1964 and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count II:

A. Defendant be adjudicated and declared to have violated Title VII;

B. An injunction enjoining any further violations of Title VII by Defendant;

C. Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D. Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E. Ms. Kelley be awarded punitive damages in an appropriate amount and as allowed by law;

F. Ms. Kelley be awarded pre-judgment interest on the above damages;

G. Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

H. The Court grant such other and further relief as it deems just.

### Count III

### ADEA Hostile Work Environment/Age Harassment Against Northwestern

61. Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth in this Count III.

62. The harassment was motivated by Ms. Kelley's age.

63. Northwestern's conduct violated the Age Discrimination in Employment Act and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count III:

A. Defendant be adjudicated and declared to have violated the ADEA;

B. An injunction enjoining any further violations of the ADEA by Defendant;

C. Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D. Ms. Kelley be awarded liquidated damages in an appropriate amount and as allowed by law;

E. Ms. Kelley be awarded pre-judgment interest on the above damages;

F. Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

G. The Court grant such other and further relief as it deems just.

## COUNT IV

**IHRA Hostile Work Environment/Sexual Harassment Against All Defendants**

64. Plaintiff re-alleges paragraphs 1 through 57 and 59 as though fully set forth in this Count IV.

65. Defendants' sexually harassing conduct violated the Illinois Human Rights Act.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Defendants and for the following relief on Count IV:

A. Defendants be adjudicated and declared to have violated the IHRA;

B. An injunction enjoining any further violations of the IHRA by Defendants;

C.     Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.     Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.     Ms. Kelley be awarded pre-judgment interest on the above damages;

F.     Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

G.     The Court grant such other and further relief as it deems just.

## COUNT V

### IHRA Hostile Work Environment/Race & Age Harassment Against Northwestern

66.     Plaintiff re-alleges paragraphs 1 through 57 and 62 as though fully set forth in this Count V.

67.     Northwestern's harassing conduct on account of race and age violated the Illinois Human Rights Act.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count V:

A.     Defendant be adjudicated and declared to have violated the IHRA;

B.     An injunction enjoining any further violations of the IHRA by Defendant;

C.     Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.     Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.     Ms. Kelley be awarded pre-judgment interest on the above damages;

F.     Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

G.     The Court grant such other and further relief as it deems just.

## DISCRIMINATION/WRONGFUL TERMINATION COUNTS

### Count VI

### 42 U.S.C. §1981 Race Discrimination/ Wrongful Demotion & Termination Against All Defendants

68.     Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth in this Count VI.

69.     Defendants' demoted Ms. Kelley and subsequently terminated her employment because of her race.

70.     Defendants' conduct violated 42 U.S.C. §1981 and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Defendants and for the following relief on Count VI:

A.     Defendants be adjudicated and declared to have violated Section 1981;

B.     An injunction enjoining any further violations of Section 1981 by Defendants;

C.     Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.      Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.      Ms. Kelley be awarded punitive damages in an appropriate amount and as allowed by law;

F.      Ms. Kelley be awarded pre-judgment interest on the above damages;

G.      Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

H.      The Court grant such other and further relief as it deems just.

## Count VII

### Title VII Race & Sex Discrimination/Wrongful Termination Against Northwestern

71.     Plaintiff re-alleges paragraphs 1 through 57 and 59 as though fully set forth in this Count VII.

72.     Northwestern terminated Ms. Kelley's employment because of her race and sex.

73.     Defendant's conduct violated Title VII of the Civil Rights Act of 1964 and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count VII:

A.      Defendant be adjudicated and declared to have violated Title VII;

B.      An injunction enjoining any further violations of Title VII by Defendant;

C.      Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.      Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.      Ms. Kelley be awarded punitive damages in an appropriate amount and as allowed by law;

F.      Ms. Kelley be awarded pre-judgment interest on the above damages;

G.      Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

H.      The Court grant such other and further relief as it deems just.

### Count VIII

### ADEA Age Discrimination/Wrongful Termination Against Northwestern

74.      Plaintiff re-alleges paragraphs 1 through 57 and 62 as though fully set forth in this Count VIII.

75.      Northwestern terminated Ms. Kelley's employment because of her age.

76.      Northwestern's conduct violated the ADEA and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count VIII:

A.      Defendant be adjudicated and declared to have violated the ADEA;

B.      An injunction enjoining any further violations of the ADEA by Defendant;

C.      Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.     Ms. Kelley be awarded liquidated damages in an appropriate amount and as allowed by law;

E.     Ms. Kelley be awarded pre-judgment interest on the above damages;

F.     Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

G.     The Court grant such other and further relief as it deems just.

## Count IX

### IHRA Race, Sex & Age Discrimination/Wrongful Termination Against Northwestern

77.     Plaintiff re-alleges paragraphs 1 through 57 and 59 and 62 as though fully set forth in this Count IX.

78.     Northwestern terminated Ms. Kelley's employment because of her race, sex and age.

79.     Northwestern's conduct violated the IHRA.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count IX:

A.     Defendant be adjudicated and declared to have violated the IHRA;

B.     An injunction enjoining any further violations of the IHRA by Defendant;

C.     Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.     Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.     Ms. Kelley be awarded pre-judgment interest on the above damages;

F.     Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

G.     The Court grant such other and further relief as it deems just.

## RETALIATION COUNTS

### Count X

### 42 U.S.C. §1981 Retaliation Against All Defendants

80.     Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth in this Count X.

81.     Ms. Kelley complained to Defendants about race discrimination and retaliation.

82.     Defendants retaliated against Ms. Kelley because of her complaints by taking adverse action against her including, but not limited to, by harassing her, lowering her pay, issuing her a corrective action plan and terminating her employment.

83.     Defendants' retaliatory conduct violated 42 U.S.C. §1981 and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Defendants and for the following relief on Count X:

A.     Defendants be adjudicated and declared to have violated Section 1981;

B.     An injunction enjoining any further violations of Section 1981 by Defendants;

C.     Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.     Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.      Ms. Kelley be awarded punitive damages in an appropriate amount and as allowed by law;

F.      Ms. Kelley be awarded pre-judgment interest on the above damages;

G.      Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

H.      The Court grant such other and further relief as it deems just.

## Count XI

### Title VII Retaliation Against Northwestern

84.     Plaintiff re-alleges paragraphs 1 through 57 and 81 as though fully set forth in this Count XI.

85.     Ms. Kelley complained to Defendants about race and sex discrimination and retaliation.

86.     Defendants retaliated against Ms. Kelley because of her complaints by taking adverse action against her including, but not limited to, by harassing her, issuing her a corrective action plan and terminating her employment.

87.     Northwestern's retaliatory conduct violated Title VII of the Civil Rights Act of 1964 and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count XI:

A.      Defendant be adjudicated and declared to have violated Title VII;

B.      An injunction enjoining any further violations of Title VII by Defendant;

C.      Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.      Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.      Ms. Kelley be awarded punitive damages in an appropriate amount and as allowed by law;

F.      Ms. Kelley be awarded pre-judgment interest on the above damages;

G.      Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

H.      The Court grant such other and further relief as it deems just.

## Count XII

### ADEA Retaliation Against Northwestern

88.     Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth in this Count XII.

89.     Ms. Kelley complained to Defendants about age discrimination and retaliation.

90.     Defendants retaliated against Ms. Kelley because of her complaints by taking adverse action against her including, but not limited to, by harassing her, issuing her a corrective action plan and terminating her employment.

91.     Defendants' retaliatory conduct violated the ADEA and was carried out in reckless disregard of Ms. Kelley's federally-protected rights.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count XII:

A.      Defendant be adjudicated and declared to have violated the ADEA;

B.      An injunction enjoining any further violations of the ADEA by Defendant;

C.      Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.      Ms. Kelley be awarded liquidated damages in an appropriate amount and as allowed by law;

E.      Ms. Kelley be awarded pre-judgment interest on the above damages;

F.      Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

G.      The Court grant such other and further relief as it deems just.

## Count XIII

### IHRA Retaliation Against Northwestern

92.      Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth in this Count XIII.

93.      Ms. Kelley complained to Defendants about race, sex and age discrimination and retaliation.

94.      Northwestern retaliated against Ms. Kelley because of her complaints by taking adverse action against her including, but not limited to, by harassing her, issuing her a corrective action plan and terminating her employment.

95.      Northwestern's retaliatory conduct violated the IHRA.

WHEREFORE, Ms. Kelley requests judgment in her favor and against Northwestern and for the following relief on Count XIII:

A.      Defendant be adjudicated and declared to have violated the IHRA;

B.      An injunction enjoining any further violations of the IHRA by Defendant;

C.      Ms. Kelley be awarded make-whole relief including lost wages and benefits and any further appropriate equitable relief including reinstatement or front pay;

D.      Ms. Kelley be awarded compensatory damages to compensate her for her emotional distress and mental anguish and other injuries in an appropriate amount and as allowed by law;

E.      Ms. Kelley be awarded pre-judgment interest on the above damages;

F.      Ms. Kelley be awarded her reasonable attorneys' fees, costs, and litigation expenses; and

G.      The Court grant such other and further relief as it deems just.


## **JURY DEMAND**

Plaintiff demands trial by jury on all issues herein.

KAREN KELLEY


By:  /s/Michael J. Merrick
        Attorney For Plaintiff


Michael J. Merrick
Merrick Law Firm LLC
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
Tel. (312) 269-9299
Fax (312) 269-0800
merrick@merricklawfirm.com
Attorney No. 6229849